UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                            §
                                                  §
PARADISE ENTERPRISES, INC.                        §          Case No. 11-47319
                                                  §
                        Debtor(s)                 §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter    of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]                 $

    The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                      and the deadline for filing governmental claims was                     . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $            . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $            , for a total compensation of $          $^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $          $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                                            Trustee



**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

Case 11-47319   Doc 23   Filed 04/08/13   Entered 04/08/13 14:23:08   Desc Main
Document   Page 3 of 10

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-47319 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | PARADISE ENTERPRISES, INC. | | Date Filed (f) or Converted (c): | 11/22/2011 (f) |

341(a) Meeting Date:   12/19/2011

For Period Ending:   03/06/2013

Claims Bar Date:   04/24/2012

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  Preferential Transfer (u) | 0.00 | 7,500.00 | | 7,500.00 | FA |
| 2.  Security Deposit | 2,000.00 | 2,000.00 | | 0.00 | FA |
| 3.  Security Deposit | 6,000.00 | 6,000.00 | | 0.00 | FA |
| 4.  Books Pictures Art Collections and Collectibles | 200.00 | 200.00 | | 0.00 | FA |
| 5.  Customer Lists and Compilations | Unknown | 0.00 | | 0.00 | FA |
| 6.  Computers | 1,000.00 | 0.00 | | 0.00 | FA |
| 7.  Printers | 100.00 | 0.00 | | 0.00 | FA |
| 8.  Tanning Beds | 12,000.00 | 0.00 | | 0.00 | FA |
| 9.  Spray Tan Booth | 5,000.00 | 0.00 | | 0.00 | FA |
| 10.  Inventory | 1,200.00 | 0.00 | | 0.00 | FA |
| 11.  Miscellaneous Equipment | 5,000.00 | 0.00 | | 0.00 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $32,500.00 | $15,700.00 | | $7,500.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

013013--Settled preference action and received settlement proceeds; Stipulation with IRS to treat claim as priority rather than secured.

| RE PROP # | 1 | -- | Avoidance of preferential transfer to insider |
| RE PROP # | 2 | -- | Deposit with ComEd |
| RE PROP # | 3 | -- | Deposit with La Tan (Franchisor) |
| RE PROP # | 4 | -- | Artwork |
| RE PROP # | 7 | -- | Two printers |
| RE PROP # | 8 | -- | 8 tanning beds |
| RE PROP # | 11 | -- | Stereo system, Washer, Dryer, Refrigerator, Microwave, La Tan sign |

Initial Projected Date of Final Report (TFR): 11/22/2014      Current Projected Date of Final Report (TFR): 11/22/2014

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 11-47319

Case Name: PARADISE ENTERPRISES, INC.

Trustee Name: Joji Takada, Chapter 7 Trustee

Bank Name: Congressional Bank

Account Number/CD#: XXXXXX7771

Checking Account

Taxpayer ID No: XX-XXX6953

For Period Ending: 03/06/2013

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/23/12 | 1 | Scott Mitchell 3265 Boesch Drive Palm Harbor, Florida 34684 | Settlement funds Preferential transfer | 1241-000 | $7,500.00 | | $7,500.00 |
| 02/12/13 | | Transfer to Acct # xxxxxx8491 | Transfer of Funds | 9999-000 | | $7,500.00 | $0.00 |

| | Deposits | Disbursements |
|---|---|---|
| COLUMN TOTALS | $7,500.00 | $7,500.00 |
| Less: Bank Transfers/CD's | $0.00 | $7,500.00 |
| Subtotal | $7,500.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $7,500.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals:    $7,500.00    $7,500.00

Case 11-47319   Doc 23   Filed 04/08/13   Entered 04/08/13 14:23:08   Desc Main

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Document Page 5 of 10

*Exhibit B*

Case No: 11-47319

Case Name: PARADISE ENTERPRISES, INC.

Trustee Name: Joji Takada, Chapter 7 Trustee

Bank Name: The Bank of New York Mellon

Account Number/CD#: XXXXXX8491

Checking

Taxpayer ID No: XX-XXX6953

For Period Ending: 03/06/2013

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx7771 | Transfer of Funds | 9999-000 | $7,500.00 | | $7,500.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $7,500.00 | $0.00 |
| Less: Bank Transfers/CD's | $7,500.00 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals:   $7,500.00   $0.00

Case 11-47319   Doc 23   Filed 04/08/13   Entered 04/08/13 14:23:08   Desc Main
Document       Page 6 of 10

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX7771 - Checking Account | $7,500.00 | $0.00 | $0.00 |
| XXXXXX8491 - Checking | $0.00 | $0.00 | $7,500.00 |
|  | $7,500.00 | $0.00 | $7,500.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $7,500.00 |
| Total Gross Receipts: | $7,500.00 |

Page Subtotals:                    $0.00            $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-47319-BWB                                                                     Date: March 6, 2013
Debtor Name: PARADISE ENTERPRISES, INC.
Claims Bar Date: 4/24/2012

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,500.00 | $1,500.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 3210 | Frank Gecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $2,500.00 | $2,500.00 |
| 100 3220 | Frank Gecker LLP<br>325 N. LaSalle Street, Suite 625<br>Chicago, Illinois 60654 | Administrative | | $0.00 | $32.97 | $32.97 |
| 1 280 5800 | Department Of The Treasury<br>Internal Revenue Service<br>Pob 7346<br>Philadelphia, Pa 19101-7346 | Priority | | $13,000.00 | $12,922.11 | $12,922.11 |
| 2 280 5800 | Illinois Department Of Revenue<br>Bankruptcy Section<br>Post Office Box 64338<br>Chicago, Il 60664 | Priority | | $3,435.00 | $1,604.27 | $1,604.27 |
| | Case Totals | | | $16,435.00 | $18,559.35 | $18,559.35 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Printed: March 6, 2013

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-47319
Case Name: PARADISE ENTERPRISES, INC.
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Attorney for Trustee Fees: Frank Gecker LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Frank Gecker LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance                                            $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $               must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Department Of The Treasury | $ | $ | $ |
| 2 | Illinois Department Of Revenue | $ | $ | $ |

Total to be paid to priority creditors                    $_____

Remaining Balance                                        $_____


The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

NONE


Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE


Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE